UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

OLIVIER ELIZE,

      Plaintiff,

v.

J. TECH SALES, L.L.C.

      Defendant.

_____/

## **COMPLAINT**

The Plaintiff, Olivier Elize, by his undersigned attorney, makes the following Complaint against the Defendant, J. Tech Sales, L.L.C.:

### **Jurisdiction and Venue**

1.    This action is brought to redress violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* This court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 2617, and 28 U.S.C. § 1331.

2.    The claims asserted in this action arose within this district and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. 216(b), 29 U.S.C. § 2617, and 28 U.S.C. § 1391.

### **Parties**

3.    The Plaintiff, Olivier Elize ("Elize"), is and at all times relevant to this complaint was an adult citizen and resident of the State of Florida.

4.      The Defendant, J. Tech Sales, L.L.C. ("J. Tech"), is and at all times relevant to this complaint was a limited liability company organized and doing business pursuant to the laws of the State of Florida with a principal place of business in Palm Beach County, Florida.

### General Allegations

5.      Commencing in or about January 2018, Elize was employed by J. Tech as an IT/Marketing Assistant.

6.      Elize's employment was not exempt from the requirements of 29 U.S.C. § 207.

7.      In or about mid-March 2019, J. Tech changed Elize's job by transferring him to the position of shipping and receiving clerk.

8.      J. Tech knew prior to the position transfer that Elize had obtained spinal surgery for a disabling back condition.

9.      In or about May 2019, Elize aggravated his back injury while performing job duties for J. Tech, resulting in a serious health condition that made him unable to lift boxes and perform other functions of his position.

10.      On or about May 10, 2019, Elize notified J. Tech by email that he was experiencing serious back pain that impaired his ability to perform his job duties. The email made inquiry about Elize's options while he recovered from his health impairment.

11.      On or about May 13, 2019, J. Tech advised Elize that he would be granted a sick leave through May 16, 2019 but "we expect and require you to return to work on Friday, May 17, 2019."

12.   Elize responded on May 14, 2019 by advising J. Tech that he would need additional leave through and including at least May 20, 2019.

13.   Elize provided medical documentation to J. Tech confirming that he would be unable to return to work before May 21, 2019, the date of his next medical appointment.

14.   On May 21, 2019, J. Tech made the false statement to Elize that he had been cleared by his physician to return to work on May 20, 2019.

15.   Elize attended his doctor's appointment on May 21, 2019 and was notified he would need to take a leave for another ten days and then would only be able to return to work with lifting restrictions.

16.   Elize notified J. Tech on May 22, 2019 that he would need a ten-day leave and provided supporting medical documentation.

17.   J. Tech advised Elize on May 23, 2019 that he had voluntarily terminated his employment by failing to report for work for the three-day period commencing May 21, 2019.

18.   Elize did not voluntarily terminate his employment by J. Tech.

19.   J. Tech falsely claimed that Elize had been "no call, no show" for the three-day period beginning on May 21, 2019 when J. Tech was well aware that Elize had notified J. Tech on May 22, 2019 of his inability to work and his need for a leave.

20.   J. Tech terminated Elize's employment on May 23, 2019.

## First Claim: FMLA Violation

21.     Elize realleges and incorporates paragraphs 1 to 20 of this Complaint as if they were fully stated herein.

22.     At all times relevant to this complaint, Elize was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2), in that Elize had been employed by J. Tech for more than 12 months and for more than 1,250 hours of service within the 12 months prior to May 2019.

23.     At all times relevant to this complaint, J. Tech had more than 50 employees on each working day during each of 20 or more workweeks and was an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

24.     Elize was entitled to FMLA leave pursuant to 29 U.S.C. § 2612(a)(1)(D) to recover from the serious health condition described above.

25.     Elize gave timely notice of his need for a leave in compliance with 29 C.F.R. § 825.305(b).

26.     J. Tech did not request a medical certification from Elize in compliance with 29 C.F.R. § 825.305 and related rules, and did not give Elize 15 days to produce a complete and sufficient certification, as required by 29 C.F.R. § 825.305 and related rules.

27.     Elize engaged in activity protected by the FMLA by notifying J. Tech of his need to take an additional ten-day leave to recover from his condition.

28.     J. Tech took an adverse employment action against Elize by terminating Elize's employment.

29.     J. Tech terminated Elize's employment because Elize engaged in the protected activity described above, in violation of the FMLA, 29 U.S.C. § 2615(a).

30.     J. Tech acted willfully when it violated the FMLA.

31.     Pursuant to 29 U.S.C. § 2617(a), Elize is entitled to recover his wages, salary, employment benefits, and other compensation lost to him by reason of the above-described FMLA violation, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## Second Claim: FLSA Violation

32.     Elize realleges and incorporates paragraphs 1 to 20 of this Complaint as if they were fully stated herein.

33.     At all times relevant to this complaint, J. Tech was an enterprise engaged in an industry affecting commerce and was an employer as defined by 29 U.S.C. § 203(d), which had employees engaged in commerce, including Elize, who were subject to the provisions of the FLSA.

34.     Commencing in January 2018 and for approximately the first six months of his employment, Elise regularly worked more than 40 hours in a workweek but was not paid one-and-one-half times his regular rate for the hours he worked in excess of 40, in violation of 29 U.S.C. § 207.

35.     J. Tech willfully, intentionally, and with reckless disregard for the statutory rights of Elise violated 29 U.S.C. § 207 by failing to pay Elise the

premium overtime wages he earned for all hours worked in excess of 40 during each workweek.

36.     Pursuant to 29 U.S.C. § 216(b), Elise is entitled to recover his unpaid overtime wages, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## **Demand for Relief**

WHEREFORE, Plaintiff requests judgment against Defendant for:

As to the First Claim (FMLA violation)

a.     lost wages, the value of lost benefits, and other monetary losses in amounts to be proved at trial;

b.     interest;

c.     liquidated damages equal to the sum of the monetary losses and the interest requested above;

d.     reinstatement or an award of future wage loss and such other equitable or injunctive relief as the court deems just;

As to the Second Claim (FLSA violation)

e.     unpaid overtime wages in an amount to be proved at trial;

f.     interest;

g.     liquidated damages equal to the sum of the monetary losses and the interest requested above;

As to All Claims

       h.     an award of reasonable attorney's fees and the costs of this action;

and

       i.     such further relief as is just.

Dated: August 7, 2019
Plantation, Florida

                                 Respectfully submitted,

                                 /s/***Robert S. Norell***
                               Robert S. Norell, Esq. (Fla. Bar No. 996777)
                               E-Mail: rob@floridawagelaw.com
                               **ROBERT S. NORELL, P.A.**
                               300 NW 70th Avenue
                               Suite 305
                               Plantation, Florida 33317
                               Telephone: (954) 617-6017
                               Facsimile: (954) 617-6018
                               *Counsel for Plaintiff*